IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Trustees of the Plumbers and )
Pipefitters National Pension Fund, )
                                       )
              Plaintiff, )
                                       )
        v. )     Civil Action No. 1:12cv1104 (LO/TRJ)
                                       )
Master Service Plumbing, Inc. )
                                       )
            Defendant. )
                                       )

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiff's motion for default judgment (no. 8) against defendant Master Service Plumbing, Inc. ("MSP"). Process for defendant was served by private process server on October 19, 2012 (no. 4). No answer or other response to the complaint has been filed. The Clerk entered default on January 24, 2013 (no. 6).

**Jurisdiction and Venue**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145) and Section 451 of the Multiemployer Pension Plan Amendments Act ("MPPAA") (29 U.S.C. § 451(a)). Venue is proper in this court under 29 U.S.C. § 1451(d), as the fund is administered in this district. The complaint alleges facts on which the court has personal jurisdiction over defendant under Fed. R. Civ. P. 4(k) and Va. Code § 8.01-328.1(A)(1).

**Fact Summary**

The following facts are established by the complaint and by plaintiff's affidavits in

support of default judgment.

Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of multi-employer employee benefit plans, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 3(3) and 3(37)). Compl. ¶ 1. Establishment and maintenance of the National Pension Fund is pursuant to a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between United Association Local Union No. 350 ("Local 350") and defendant. Compl. ¶¶ 5-6.

Defendant Master Service Plumbing, Inc. is a Nevada corporation existing under the laws of the State of Nevada with an office located in Nevada. Compl. ¶ 2. Defendant transacts business as a contractor or subcontractor in the plumbing and pipefitting industry. *Id*. At all times herein, defendant was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14) (ERISA §§ 3(5), (9), (11), (12), and (14)); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C. § 1001(a)). *Id.*

Defendant entered into the aforementioned Collective Bargaining Agreement (the "Agreement") with Local 350, which establishes the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by defendant. Compl. ¶ 5. Pursuant to the Agreement, defendant agreed to pay the National Pension Fund certain sums of money for each hour worked by employees of defendant covered by the Agreement. *Id.* ¶ 6. Defendant performed and continues to perform work for which it was and is obligated to make contributions to the National Pension Fund. *Id.* ¶ 7.

On May 1, 2011, defendant ceased its obligation to contribute to the National Pension Fund by terminating the Agreement with Local 350. *Id*. This effected a complete withdrawal

from the National Pension Fund as defined by 29 U.S.C. § 1383(b). *Id*.

On February 29, 2012, the National Pension Fund sent a notice and demand for payment of withdrawal liability to defendant. *Id*. ¶ 8. Total liability for withdrawal was assessed at $199,212.00, which could be paid in lump sum, or in sixty-two (62) monthly installments of $3,738.00 and a single final payment of $136.00. *Id*. The first of such monthly payments was to be made by April 1, 2012. *Id*. Defendant made payments of $500 in both April and May 2012, but failed to make any other payments. *Id*. ¶ 14.

Pursuant to 29 U.S.C. § 1399(c)(2), the National Pension Fund was entitled to set forth a payment schedule for withdrawal liability, and did so establish a payment schedule in its February 29, 2012 letter to defendant. *Id*. ¶ 16. Defendant failed to make payments as prescribed in the payment schedule, and pursuant to 29 U.S.C. § 1451(b), such a failure to pay withdrawal liability shall be treated as a delinquent contribution under 29 U.S.C. § 1145. Further, 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provides for enforcement of 29 U.S.C. § 1145, under which plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages provided for under the plan in an amount not in excess of 20 percent; (3) interest on contributions which were paid late or remain unpaid; and, (4) reasonable attorneys' fees and the costs of this action.

## **Withdrawal Liability Owed, Interest and Liquidated Damages**

Defendant has failed to timely pay for withdrawal liability due and owing to the National Pension Fund as a result of defendant's complete withdrawal on May 1, 2011, after which defendant continued to perform work for which it was previously obligated to make contributions to the National Pension Fund. Compl. ¶ 17; Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 4. According to the payment schedule provided by the National Pension Fund, defendant owes

payments of $3,738.00 per month, beginning April 1, 2012 and continuing through September 1, 2012.  Aff. of William T. Sweeney, Jr. ¶ 7.  The total amount of delinquent monthly withdrawal liability payments to the National Pension Fund as of the filing of this action is therefore $21,428.00.

Defendant also owes the National Pension Fund liquidated damages.  Pursuant to 29 U.S.C. § 1132(g)(2) and Section 12.05 of the National Fund Plan, in a suit to collect withdrawal liability, the trustees may assess liquidated damages in the amount of twenty percent (20%) of the amount due.  Compl. ¶ 19; Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 17.  Defendant is obligated to the National Pension Fund in the amount of $4,485.60 in liquidated damages for its delinquent withdrawal liability payments for the months of April through September 2012. Aff. of William T. Sweeney, Jr. (no. 9-1) ¶ 19.

In addition, pursuant to 29 U.S.C. § 1132(g)(2) and Section 12.05 of the National Fund Plan, defendant owes the National Pension Fund interest in the amount of $589.51, assessed at a rate of 3.25 percent (3.25%) per annum from the date due and calculated through March 8, 2013. Compl. ¶ 20-21; Aff. of William T. Sweeney, Jr. ¶¶ 14-16.

The following amounts are due and owing:

| Fund | Withdrawal Liability | Liquidated Damages | Interest[1] |
|---|---|---|---|
| National Pension Fund | $21,428.00 | $4,485.60 | $589.51 |

**Attorneys' Fees and Costs**

Finally, defendant owes attorneys' fees and costs because plaintiff had to take this action to enforce its rights.  29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provides that an employer may

---

[1] Calculated through March 8, 2013.

be required to pay all attorneys' fees and costs incurred. Plaintiff's counsel avers under oath that the following is an accurate representation of the attorneys' fees and costs incurred in this proceeding:

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Used | Cost |
| Counsel | $300.00 | 6.0 | $1,800.00 |
| Paralegal | $150.00 | 8.5 | $1,275.00 |
| **Total** | | | **$3,075.00** |

| Costs | |
|---|---|
| Filing Fee | $350.00 |
| Service of Process Fee | $205.00 |
| Computerized Research Fee | $101.29 |
| **TOTAL** | **$656.29** |

The magistrate judge has examined the record and finds that this amount is reasonable compensation for work necessarily expended to enforce plaintiff's rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiff is entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| Delinquent Withdrawal Liability | $21,428.00 |
| Liquidated Damages | $4,485.60 |
| Accrued Interest[2] | $589.51 |
| Attorneys' Fees | $3,075.00 |

---

[2] Calculated through March 8, 2013.

| Costs | $656.29 |
|---|---:|
| **Total** | **$30,324.40** |

## Recommendation

The magistrate judge recommends that default judgment be entered against defendant Master Service Plumbing, Inc., in favor of plaintiff in the amount of $30,324.40, plus interest on delinquent withdrawal payments continuing to accrue at 3.25 percent (3.25%) per annum from March 9, 2013 until full payment is made. The magistrate judge further recommends that the court enter an order enjoining defendant to make all interim payments that have come due subsequent to the filing of this action and all future interim payments due pursuant to the payment schedule established by plaintiff, as required by 29 U.S.C. §§ 1339(c)(2) and 1401(d).

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at its address for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

March 27, 2013
Alexandria, Virginia